J-A18028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN ALAN GARDNER | : | |
| | : | |
| Appellant | : | No. 1305 WDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Butler County
Criminal Division at CP-10-CR-0000219-1995

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: SEPTEMBER 7, 2022**

Steven Alan Gardner (Appellant) appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1995, a jury convicted Appellant of shooting and killing his roommate. On October 23, 1995, the trial court sentenced Appellant to life in prison.  This Court affirmed, and our Supreme Court denied allowance of appeal. ***Commonwealth v. Gardner***, 764 A.2d 1122 (Pa. Super. 2000) (unpublished memorandum), ***appeal denied***, 785 A.2d 87 (Pa. 2001).  In the ensuing years, Appellant filed numerous PCRA petitions, each of which was dismissed and affirmed on appeal.  ***See generally Commonwealth v. Gardner***, 106 A.3d 156 (Pa. Super. 2014) (unpublished memorandum) (explaining Appellant's various petitions, and affirming PCRA court's dismissal of serial

petition where it was jurisdictionally time-barred and Appellant did not meet any exception); **see also** Commonwealth Brief at 4 (asserting Appellant "has filed at least ten [PCRA] petitions, some of which have been couched as proposed amendments to other, previously filed petitions.").

On September 14, 2020, Appellant filed the instant *pro se* PCRA petition, claiming judicial bias and deprivation of his constitutional rights. The PCRA court appointed counsel to represent Appellant. However, after holding a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), the court granted Appellant's request to represent himself. Appellant filed an amended PCRA petition on June 7, 2021.

On July 14, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition, opining that it was time-barred and Appellant had failed to plead or prove any exception. On August 2, 2021, Appellant filed a response to the Rule 907 notice, as well as another amended PCRA petition.[1] The PCRA court dismissed Appellant's petition on September 29, 2021. Appellant filed a *pro se* notice of appeal 33 days later, on November 1, 2021.

On December 13, 2021, this Court issued a rule upon Appellant to show cause why we should not quash his appeal as being untimely filed. **See**

---

[1] Appellant did not obtain leave of court to amend his PCRA petition. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) (a petitioner must seek leave of court to amend a PCRA petition, and claims raised in an unauthorized amended petition are waived); **see also** Pa.R.Crim.P. 905(A).

Pa.R.A.P. 903(a) (requiring all appeals to be filed "within 30 days after the entry of the order from which the appeal is taken."); *see also Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." (citation omitted)). Appellant, an inmate at the State Correctional Institution (S.C.I.) at Mercer, filed a response (Response) on December 22, 2021. Appellant claimed he deposited his notice of appeal in the prison mail on October 27, 2021. He argued his appeal was timely pursuant to the "prisoner mailbox rule," where his "notice of appeal [] got mailed by the S.C.I. Mercer mailroom personnel on[] October 28th[.]" Response, 12/22/21, at 1 (some capitalization and bold omitted). Appellant also attached to the Response copies of a (1) proof of service, dated October 27, 2021; and (2) prison cash slip showing the same date. This Court discharged the rule on January 12, 2022.

Under the prisoner mailbox rule, a *pro se* prisoner's submissions are deemed filed on the date delivered to prison authorities for mailing. *Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021); Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). Here, the record reveals Appellant delivered

his notice of appeal to prison authorities on October 27, 2021, prior to the expiration of the 30-day requirement of Rule 903(a). Thus, Appellant's appeal is timely.

On November 2, 2021, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Order, 11/2/21 (directing Appellant to file a statement within 21 days "after the entry of this Order or face dismissal due to waiver."). Appellant filed a *pro se* statement (Rule 1925(b) Statement) nearly a month later, on November 29, 2022. **Appellant dated his Rule 1925(b) Statement November 23, 2021**, which is **one day after the expiration of the 21-day period** set in the PCRA court's Rule 1925(b) order. The envelope containing Appellant's Rule 1925(b) Statement was postmarked November 24, 2021.

The PCRA court issued an opinion on December 23, 2021. The court did not address the merits of the claims Appellant raised in his Rule 1925(b) Statement. Rather, the court relied on its rationale in the September 29, 2021, memorandum and order dismissing Appellant's PCRA petition.

Appellant presents four issues for our review:

I.   Is the [PCRA] court abusing discretion or not according to statutory law by continuously dismissing/denying [Appellant's] post-conviction actions by [*sic*] "judicial bias" and impeding upon his statutorily required relief?

II.  Is the [PCRA] court failing to know or is ignoring that [Appellant's] action shall be construed as a writ of rehearing, writ of *habeas corpus*, or[] an extension towards the first

- 4 -

properly filed post-conviction [petition] as a full, fair, adequate, and meaningful hearing was not conducted with constitutionally sound representation, the hearing judge was judicially bias [*sic*], and action is a recoupment action to gain a proper hearing?

III. Is the [PCRA] court abusing discretion or not according to statutory law by not granting a hearing so that [Appellant] can prove [and] substantiate the issues?

IV. Is an instant remand to the [PCRA] court in appropriate order [*sic*] concerning trial counsel's recent admittance of ineffective assistance at trial by counsel's letter dated: November 29, 2021?

Appellant's Brief at 4 (unnecessary brackets and some capitalization omitted).

"We first must address the consequences of [Appellant's] untimely filing of" his Rule 1925(b) Statement. ***Commonwealth v. Boniella***, 158 A.3d 162, 164 (Pa. Super. 2017). Our jurisprudence sets forth a "clear and well-settled" rule that requires appellants to **timely** "file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived[.]" ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (relying on ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) (superseded by rule as stated in ***Commonwealth v. Burton***, 973 A.2d 428, 431 (Pa. Super. 2009) (*en banc*))). "[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original; citation omitted). An appellate court does "not have the discretion to countenance deviations from the Rule's requirements[.]" ***Hill***, 16 A.3d at 494;

*see also Commonwealth v. Butler*, 812 A.2d 631, 636 (Pa. 2002) ("Rule 1925 is [] a crucial component of appellate process."). Also, when an appellant proceeds *pro se*, we recognize no remedy or exception for an Appellant's failure to timely file a Rule 1925(b) statement. *Boniella*, 158 A.3d at 164; *see also Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021) (although we are "willing to liberally construe" an appellant's *pro se* filings, an "appellant is not entitled to any particular advantage because he lacks legal training." (citation and brackets omitted)); *cf.* Pa.R.A.P. 1925(c)(3) (procedure where a criminal defendant's **counsel** is ineffective for failing to timely file a Rule 1925(b) statement).

Because Appellant failed to file a Rule 1925(b) statement as ordered, he waived the issues he seeks to raise on appeal.[2] *See Hill*, *supra*; *Boniella*, 158 A.3d at 164 (finding waiver of all issues where *pro se* appellant filed court-ordered 1925(b) statement one day late, even where trial court addressed merits of issues in an opinion). Therefore, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

---

[2] Even if Appellant had not waived his issues, we would affirm the PCRA court's dismissal of Appellant's petition based on the court's cogent reasoning in its September 29, 2021, memorandum and order. *See* Memorandum Opinion and Order, 9/29/21, at 2-6 (concluding Appellant's facially untimely petition was jurisdictionally time-barred and did not meet any exception).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/7/2022