J-S16035-21

2021 PA Super 112

| ELLIOT-GREENLEAF, P.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT ROTHSTEIN | : | |
| | : | |
| Appellant | : | No. 1848 EDA 2020 |

Appeal from the Judgment Entered September 16, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2017-20623

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED:  MAY 28, 2021**

Appellant, Robert Rothstein, appeals *pro se* from the judgment entered on September 16, 2020, in the Court of Common Pleas of Montgomery County in favor of Appellee, Elliot-Greenleaf, P.C., for the recovery of legal fees and costs.  After a careful review, we quash this appeal.

The relevant facts and procedural history have been set forth, in part, by the trial court as follows:

> Prior to their deaths, [Appellee] represented [Appellant's] parents, Alvin and Beulah Rothstein, in various real estate matters. The basis for [Appellee's] fees was set forth in a letter agreement dated June 17, 2011, between John (Jack) Dean, Esquire, of [Appellee], and Alvin and Beulah Rothstein.  Although Mr. Dean's regular hourly rate at the time was $310, the letter agreement provided that his time would be billed at the reduced rate of $200 per hour.  Alvin and Beulah Rothstein both died in 2012, and [Appellant] was named the executor of both estates.

---

\* Former Justice specially assigned to the Superior Court.

        After his parents' death, [Appellant] used the services of Mr. Dean on discrete business matters.    Because [Appellee] considered the representation of [Appellant] to be a continuation of its representation of his parents, it did not issue a new fee letter.  Thus, [Appellee] continued to bill [Appellant] for Mr. Dean's time at the reduced hourly rate of $200 specified in the fee agreement with his parents.

        [At some point, Appellant refused to pay a portion of the legal fees and costs.] [Accordingly, Appellee] brought [a] claim through two small-claims complaints filed before [a district magisterial judge].   The complaints sought recovery of fees and costs incurred in the representation of [Appellant] in intra-family litigation over a trust known as the Rothstein Sibling Trust in the Orphans' Court Division of the Court of Common Pleas of Berks County.    Judgments were entered [by the district magisterial judge] in favor of [Appellee], and [Appellant] filed appeals to [the trial] court.    Throughout the [instant] proceedings…[Appellant] has represented himself *pro se*.

        The two cases were consolidated by the [trial court].   The matter was heard by a panel of arbitrators on December 19, 2018, and [Appellant] appealed from the arbitration award.   A nonjury trial was held before the [trial court] on February 11, 2020, and the morning of February 12, 2020.  The [c]ourt issued its Decision on February 19, 2020, consisting of fifty-three findings of fact and eight conclusions of law and ultimately finding in favor of [Appellee] in the amount of $16,458.12, plus prejudgment interest.    This figure was based on invoices from [Appellee] totaling $26,458.12, less $10,000 paid by [Appellant].

        On March 2, 2020, [Appellant] filed a timely motion for post-trial relief….He subsequently filed several amended versions of the [m]otion.   On September 16, 2020, the [trial] court issued an [o]rder denying the [m]otion.  [The trial court's ruling on the post-trial motion was delayed by the judicial emergency arising from the COVID-19 pandemic.]   On the same day, [Appellee] filed a praecipe for the entry of judgment on the Decision. [Appellant] filed a timely [*pro se*] notice of appeal[.]

Trial Court Opinion, filed 12/22/2020, at 1-4 (footnotes and citations to record omitted).

On appeal, Appellant has filed a *pro se* appellate brief. Because of the deficiencies in Appellant's brief, which we discuss in detail *infra*, we are unable to discern what issues he wishes to raise or the arguments he wishes to present to this Court.

To begin, we refer Appellant to the general rule, which requires that briefs conform to the Pennsylvania Rules of Appellate Procedure. Rule 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. ***See Branch Banking and Trust v. Gesiorski***, 904 A.2d 939 (Pa.Super. 2006).

We also bring Pa.R.A.P. 2111 to Appellant's attention. That Rule provides:

> **Rule 2111. Brief of the Appellant**
>
> **(a) General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:
>
> (1) Statement of jurisdiction.
>
> (2) Order or other determination in question.
>
> (3) Statement of both the scope of review and the standard of review.
>
> (4) Statement of the questions involved.
>
> (5) Statement of the case.
>
> (6) Summary of argument.
>
> \*\*\*

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

*** 

**(b) Opinions below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved....

Pa.R.A.P. 2111 (bold in original).

The *pro se* brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. The four-page brief contains one rambling section presenting facts in the light most favorable to Appellant.[1]  Notably, Appellant has failed any attempt to frame his issues in a "Statement of Questions Involved." **See** Pa.R.A.P. 2116 (setting forth the requirement of a statement of the questions involved, which must state concisely the issues to be resolved).

Further, Appellant's brief is devoid of any coherent argument or relevant controlling case law applied and analyzed under the facts of this case. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent

---

[1] Attached to the four-page "brief" are various exhibits.

- 4 -

authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa.Super. 2003) (citations omitted). ***See*** Pa.R.A.P. 2119 (setting forth requirements for the argument portion of appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust***, 904 A.2d at 942-43.

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." ***Id.*** at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Id.*** (citation omitted). We simply decline to become Appellant's counsel. ***See id.***

In the present case, even a liberal construction of Appellant's brief cannot remedy the serious inadequacies.[2] Accordingly, we quash the appeal due to the substantial briefing defects in Appellant's brief, which hamper our ability to conduct meaningful appellate review. ***See*** Pa.R.A.P. 2101.

Appeal Quashed.

Judge McLaughlin joins the Opinion.

---

[2] We note that Appellant's reply brief is also undeveloped and fails to conform in any respect with the Rules of Appellate Procedure.

P.J.E. Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/21