J-A19011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| SHAN LING | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| MICHAEL LAUSCH | : | No. 1332 MDA 2021 | |

Appeal from the Order Entered June 16, 2021
In the Court of Common Pleas of Berks County Domestic Relations at
No(s):  12DR21340,
PACSES ID 158113656

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED: SEPTEMBER 12, 2022**

Shan Ling ("Wife") appeals from the order entered on June 16, 2021, wherein the trial court denied her exceptions to the report and recommendation of the support hearing officer ("Master") regarding her petition to modify an unallocated support order.  Due to the substantial defects in Wife's brief, we dismiss the appeal.

On January 31, 2000, Wife married Michael Lausch ("Husband") in Shanghai, China, and one child, L.B.L., was born of the marriage.  The couple separated in December 2012, and a divorce decree was entered on May 21, 2021.[1]  Meanwhile, on November 21, 2012, Wife filed a counseled complaint

_____

[*] Former Justice specially assigned to the Superior Court.

[1] This Court affirmed the decree on March 8, 2022.  **Lausch v. Ling**, 2022 WL 680112 (Pa.Super. filed March 8, 2022) (unpublished memorandum).

for spousal support, alimony *pendente lite* ("APL"), and child support. Thereafter, the parties engaged in extensive support litigation through 2019, with both parties filing a litany of petitions for modification.

Relevant to the instant appeal, on July 31, 2019, Wife filed a *pro se* petition to modify a then-three-month-old order directing Husband to pay $900.61 in unallocated support per month. On January 22, 2020, the trial court suspended the APL portion of the support order effective October 16, 2019.

Following several continuances, on January 8, 2021, an evidentiary hearing was held pursuant Pa.R.C.P. 1910.12. Wife was represented by Jana R. Barnett, Esquire. At the outset of hearing, the Master determined that the current child support order was $199.66 per month because L.B.L. resided at the Milton Hershey School and only resided with Wife eighteen to twenty-four percent of the time. Mother apparently wanted to adjust that amount based upon additional education expenses and petition the court for disability spousal support. The Master summarized the ensuing episode that occurred during the hearing, and the trial court adopted that recitation as follows:

> The matter could not be resolved by agreement after one and [one-] half hours of discussion and this Master advised the parties that we would proceed to a hearing. [Wife], who spoke English up until that point, demanded a Chinese interpreter and this Master set about attempting to get a Mandarin interpreter while [Wife] and her counsel adjourned to the waiting room to talk. At that point, [Wife] could be heard in a very loud voice screaming incomprehensively and her counsel returned to the courtroom stating that [Wife] was completely uncooperative. We proceeded with the hearing and [Wife] did not participate and her counsel

> stated on the record that she could not proceed as [Wife] did not provide any of the evidence necessary to support her case. This Master asked if a continuance would help and [Wife's] counsel replied that it would not help or solve anything.

Trial Court Opinion, 11/29/21, at 2 (quoting Findings of Fact, Conclusions of Law and Recommendations of the Hearing Officer, 1/28/21 at 1-2.) Counsel for Husband moved to dismiss Wife's petition for modification, and under the belief that Husband also had a petition for modification pending, requested that petition to be dismissed as well. N.T. Support Hearing, 1/8/21, at 3. The only evidence introduced by Wife at the hearing was Attorney Barnett's request that Wife's uncooperative outburst be placed on the record. *Id*. at 3. Thereafter, the Master entered a report and recommendation dismissing Wife's petition to modify, and if Husband had a petition for modification pending, dismissing that petition as well.

Wife filed timely *pro se* exceptions to the Master's report and recommendation. In accordance with the trial court's directive, Wife filed a brief in support of her exceptions. The parties presented oral arguments, and on June 16, 2021, the trial court entered an order that (1) denied Wife's exceptions; and (2) dismissed the parties' respective petitions for modification. Following the emancipation of L.B.L., the trial court terminated child support on July 8, 2021.

Due to a breakdown in the operation of the trial court, the June 16, 2021 order denying Wife's exceptions was not properly served on the parties. *See* Pa.R.C.P. 236. Accordingly, the trial court entered an order on September 15, 2021, advising the parties that they had thirty days to file a notice of appeal

- 3 -

from the June 16, 2021 order. Wife filed a timely appeal on October 12, 2021.[2] The trial court did not order Wife to file a concise statement of errors complained of on appeal; however, the trial court issued a Pa.R.A.P. 1925(a) opinion on November 29, 2021.[3]

Wife filed a *pro se* brief in this Court which fails to comply with the Pennsylvania Rules of Appellate Procedure.[4] While Wife is proceeding *pro se* and this Court is willing to liberally construe materials filed by *pro se* litigants, she is not accorded any special relief merely because of her *pro se* status. **See Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa.Super. 2020). Specifically, Wife's brief is missing: (1) a statement of jurisdiction pursuant to Pa.R.A.P. 2114; (2) the order or other determination in question as required by Pa.R.A.P. 2115; (3) a statement of questions involved as mandated by Pa.R.A.P. 2116; and (4) a summary of argument pursuant to Pa.R.A.P. 2118. Moreover, in complete contravention of Pa.R.A.P. 2119(a), which mandates an orderly division of argument and citation to pertinent authorities, Wife's

---

[2] Due to the breakdown in the operation of the trial court, the appeal is properly before this Court. **See M.L.S. v. T.H.-S.**, 195 A.3d 265, 267 (Pa.Super. 2018).

[3] Wife filed a four-page document titled, "Plaintiff Appeal Reason" with the notice of appeal that purportedly attempts to raise four issues on appeal. It appears the trial court attempted to parse the document and address Appellant's issues on appeal in its Pa.R.A.P.1925(a) opinion.

[4] Wife similarly filed a reply brief in this Court that likewise fails to comply with the Pennsylvania Rules of Appellate Procedure.

brief lacks rational organization and an intelligible discussion of the relevant authority.

Insofar as Wife failed to include the required statement of questions involved, summary of argument, or coherent legal discussion, we are unable to discern the crux of her complaints. Hence, these defects impede our ability to conduct meaningful appellate review. ***See, e.g., Commonwealth v. Sanford***, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address merits of appeal because brief was "so defective as to preclude effective, appellate review"). Accordingly, we dismiss the appeal.[5] ***See*** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be ... dismissed."); ***Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa.Super. 2021) (quashing appellant's appeal due to the brief failing to comply with the rules of appellate procedure and as devoid of any argument applying the law to the facts of the case).

_____

[5] Wife's brief and reply brief indicate they were translated with the assistance of Google Translate. While this Court is cognizant that Wife is proceeding *pro se* and is a non-native English speaker, this does not exempt Wife from complying with the rules of appellate procedure. ***See Satiro v. Maninno***, 237 A.3d 1145, 1151 (Pa.Super. 2020).

Furthermore, while we cannot discern the precise arguments that Wife raised in her brief, we observe that, with the assistance of oral argument, the trial court identified and addressed four exceptions that Wife raised in relation to the Master's report and recommendation. Those claims asserted that the Master erred in (1) denying Wife's request for a Mandarin interpreter[6]; (2) disregarding Wife's evidence regarding the child's educational expenses and Wife's need for disability support; and (3) relying on a faulty record. To the extent that Wife raised these identical claims on appeal, which is not readily apparent from her brief, we would reject the contentions for the reasons the trial court provided in its Rule 1925(a) opinion, *i.e.*, the Master did not deny Wife's request for an interpreter; Wife neglected to present **any** evidence during the January 8, 2021 hearing; and Wife's claim that portions of the hearing transcript were concealed or destroyed was wholly unsubstantiated. Specifically, the trial court reasoned,

> Wife claimed in her first exception that the hearing officer denied her request for a telephone interpreter. We dismissed this exception because . . . the Hearing officer did attempt to obtain a Mandarin interpreter during the hearing. Wife's second exception alleges that the Hearing officer erred by ignoring evidence of the parties' child's [school] expenses. We dismissed this exception because she failed to make a record before the hearing officer. Pa.R.C.P. 1910.12(d) provides that at a support hearing "the hearing officer shall receive evidence...." Here[,] no evidence was

---

[6] Pursuant to 42 Pa.C.S. § 4412, "[u]pon request or *sua sponte*, if the presiding judicial officer determines that a principal party in interest has a limited ability to speak or understand English, then a certified interpreter shall be appointed, unless the certified interpreter is unavailable as provided in subsection (b)." 42 Pa.C.S. § 4412(a).

received by the hearing officer because the Wife suffered an emotional episode before testimony was taken and her counsel determined that Wife would not be able to take part in the proceedings.

Trial Court Opinion, 11/29/21, at 4.

The court ultimately concluded, "three of Wife's four [exceptions] required an evidentiary basis in order to be adjudicated. However, Wife failed to adduce this evidence." *Id*. at 7. Similarly, as it relates to the hearing transcript, the court further observed that Wife was represented by counsel for three months after the hearing and, if she believed the transcripts had been altered, "Wife could have sought the advice and assistance of her lawyer to prove her claim that the recordation of her hearing had been altered or destroyed. She did not do so, nor has she presented the Court with any evidence of a distorted or faulty record." *Id*. at 7.

Thus, even if we could discern these precise claims from Mother's muddled and disjointed brief, we would find that the trial court did not err or abuse its discretion in denying relief.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/12/2022