J-A23023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AGNES SIMEON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTINA LANIEWSKI, TIMOTHY | : | |
| LANIEWSKI, AND UNKNOWN | : | |
| OCCUPANTS | : | No. 162 MDA 2022 |
| | : | |
| | : | |
| APPEAL OF: JUSTINA LANIEWSKI | : | |

Appeal from the Order Entered December 20, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-001398

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED SEPTEMBER 23, 2022**

Justina Laniewski (Appellant) appeals *pro se* from the order entered in the York County Court of Common Pleas, granting judgment on the pleadings to Agnes Simeon (Appellee) in this ejectment action.  Because the substantial defects in Appellant's brief preclude our review, we dismiss this appeal.

We glean the following facts from the limited record before us.  In September of 2020, Appellee purchased the property located at 242 Grantley Street, York, Pennsylvania, at a judicial tax sale.  Appellee's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment (Motion for Judgment on the Pleadings), 9/2/21, at ¶ 1.  A Decree of Absolute

_____

[*] Former Justice specially assigned to the Superior Court.

Confirmation was issued in November of 2020, and the deed conveying the transfer of ownership was recorded on December 22, 2020. *Id.* at ¶¶ 2-3. Appellant and Timothy Laniewski are the prior owners of the property and continue to reside there with other family members.[1] *See id.* at ¶¶ 4-5; Appellee's Complaint in Ejectment, 6/30/21, at ¶¶ 3-4.

On June 30, 2021, Appellee filed a complaint in ejectment, asserting that Appellant and Mr. Laniewski have "no legal right to occupy or possess the Property." Appellee's Complaint in Ejectment at ¶ 4. Appellant, acting *pro se*, filed an answer on July 15, 2021. With regard to Appellee's allegations that (1) she purchased the property at a tax sale, and (2) Appellant has no right to continue to occupy the property, Appellant replied as follows:

> 3. Disagree, I don't understand how they purchased my home, was never notified.

> 4. Disagree, there is legitimate basis for [Appellant] to continue to occupy the property, I believe I have every legal right.

Appellant's Answer to New Complaint,[2] 7/15/21, at ¶¶ 3-4.

---

[1] The relationship between Timothy Laniewski and Appellant is unclear from the record. However, Mr. Laniewski did not respond to any of the pleadings in this matter or file an appeal.

[2] As Appellant asserts in her answer, Appellee had filed a prior ejectment complaint against her in April of 2021. *See* Appellee's Answer to New Complaint at New Matters ¶ 2. That prior action, however, is not before us.

On September 2, 2021, Appellee filed a motion for judgment on the pleadings,[3] asserting that Appellant's answer consisted "primarily of general admissions and denials[,]" but did not "plead any defenses to the ejectment action." Appellee's Motion for Judgment on the Pleadings at ¶¶ 7, 9. To the extent Appellant contests the tax sale, Appellee averred that Appellant "has not alleged she filed any objections to the tax upset sale" pursuant to 72 P.S. § 5860.607 of the Fiscal Code,[4] which "provides a framework for an aggrieved individual to file objections to the sale of a property via an upset sale." Appellee's Motion for Judgment on the Pleadings at ¶ 8. Because "[t]he pleadings establish that [Appellee] is the legal owner of the Property and that [Appellant] has no right to continued possession[,]" Appellee requested the court grant her judgment on the pleadings. *Id.* at ¶ 10.

Appellant filed an answer to the motion, asserting generally that she "knew nothing about" the tax sale. Appellant's Answer to Motion, 9/20/21, at 1 (unpaginated). Rather Appellant claimed her "mortgage payments were payed [sic] up till August of 2021" and that in September of 2020, she gave the prior owner $1,000 "for [the] taxes[.]" *Id.* Appellant attached various documents to her answer, which she characterizes as receipts, but upon

---

[3] Appellee's motion, alternatively, sought summary judgment based upon "the public records related to the sale[.]" *See* Appellee's Motion for Judgment on the Pleadings at ¶ 10. However, it merits mention that Appellee failed to attach any of those public records to her motion.

[4] 72 P.S. §§ 1-10004.

review do not support her claims. *See* Appellee's Answer to Motion, attachments (documents include a partial photograph of the first page of a note showing Appellant owed John and Sharon Frantz $35,000, two deposits slips from a bank, and a handwritten note indicating that Appellant paid John Frantz $1,000 toward a mortgage on March 10th of an unidentified year).

By order dated December 20, 2021, the trial court granted Appellee's motion for judgment on the pleadings. *See* Order, 12/20/21. In an attached opinion, the trial court explained that Appellant's answer to the complaint "essentially affirmed all of [Appellee's] allegations, or . . . denied them inadequately, as required by [Pa.R.C.P] 1029." Trial Ct. Op. 12/20/21, at 2 (unpaginated). Thus, the court concluded:

> [T]he property was appropriately sold at [a] tax upset sale, which [Appellant] had an opportunity to react to. That tax sale having been made absolute however, there is no legal recourse for [Appellant] as to defense from this ejectment, regardless of any facts [she] might try to present about alleged payments of mortgage and tax.

*Id.* at 3 (unpaginated).

Appellant filed a timely notice of appeal, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court then filed a Rule 1925(a) opinion on February 2, 2022.

As noted above, Appellant has proceeded *pro se* through this matter, and continues to do so on appeal. Although this Court will "liberally construe materials filed by a *pro se* litigant, [an] appellant it not entitled to any

particular advantage because [she] lacks legal training." ***Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted). Here, the one-page brief submitted by Appellant fails to conform in any manner to the Pennsylvania Rules of Appellate Procedure, and, significantly, fails to provide any argument or case law supporting her request for relief. Accordingly, we are constrained to dismiss this appeal.

The Pennsylvania Rules of Appellate Procedure mandate that a brief submitted by a party — whether counseled for *pro se* — "shall conform in all material respects with the requirements of [the] rules as nearly as the circumstances of the particular case will admit[.]"  Pa.R.A.P. 2101.  If the defects in the brief are substantial, "the appeal . . . may be quashed or dismissed."  ***Id.***  Rule 2111 sets forth the required sections in an appellate brief, including a statement of jurisdiction, the order on appeal, a statement of the scope and standard of review, a statement of the questions involved, a statement of the case, a summary of the argument, argument of the issues raised, and a conclusion.  ***See*** Pa.R.A.P. 2111(a)(1)-(6), (8)-(9).  Rules 2114 through 2119 provide further detail as to the information required in each section.  ***See*** Pa.R.A.P. 2114-2119.

Here, Appellant's one-page brief consists solely of the following list of reasons why she is requesting an appeal:

    1: Never had a hearing

    2: [Appellee] had never responded to my answers

    3: Proof was never provided

4:  All occupants were never served

5: Rul[]ing was made without seeing all evidence surrounding . . how they got my property . . .

6: I have asked to have a hearing multiple times [since] this case has started.  So I can prove that it was fraud on how they purchased my home

Appellant's Brief at 1 (unpaginated).  Appellant attached to her "brief" documents relating to the **prior** ejectment action filed in April of 2021, which are not relevant to the present matter.

Clearly, Appellant's "brief" does not comport in any manner with the relevant Rules of Appellate Procedure.  Particularly troublesome is Appellant's failure to provide any discussion of her claims on appeal, or case law supporting her right to relief.  Even a liberal view of Appellant's brief — which is, in actuality, simply a list of grievances — does not remedy the significant deficiencies.  As noted **supra**, Appellant's "*pro se* status does not entitle [her] to any particular advantage because of . . .  her lack of legal training, and . . . *pro se* litigants are bound by our procedural rules."  ***Deek Inv., L.P. v. Murray***, 157 A.3d 491, 494 (Pa. Super. 2017) (citations & quotation marks omitted).  Indeed, we have observed, "any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." ***Elliott-Greenleaf***, 255 A.2d at 542 (citation omitted).

Therefore, due to the substantial defects in her brief which preclude appellate review, we dismiss Appellant's appeal.[5]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/23/2022

_____

[5] Nevertheless, even if we were to review this appeal, we would affirm the judgment in favor of Appellee. "Judgment on the pleadings should only be granted when there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law." ***Cornwall Mountain Investments, L.P. v. Thomas E. Proctor Heirs Trust***, 158 A.3d 148, 153 (Pa. Super. 2017) (citation omitted). When reviewing an order granting judgment on the pleadings, "[w]e must determine whether the trial court's ruling was based on a clear error of law or whether the pleading disclosed facts which properly should go to the jury." ***Id.*** (citation & quotation marks omitted).

Our review of the both of the trial court's opinions filed in this matter reveals no error of law or factual disputes that must be submitted to a jury. ***See*** Trial Ct. Op., 12/20/21, at 2-3 (unpaginated) (Appellant's inadequate denial of factual allegations in complaint results in admissions, and Appellee's purchase of property at upset tax sale leaves Appellant with no defense from ejectment); Trial Ct. Op., 2/2/22, at 1-3 (court appropriately denied hearing when it granted judgment on pleadings; Appellant failed to properly deny allegations that she has no right to occupy property; Appellant's only recourse was to challenge upset tax sale, which she failed to do; and Appellee was not required to respond to new matter when Appellant did not endorse it with notice to plead). Thus, even if we were to review Appellant's claims, we would affirm on the basis of the trial court's opinions.