J-A28026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :   PENNSYLVANIA
                                      :
                 v.                        :
                                      :
                                      :
JESSICA L. VOGEL                   :
                                      :
           Appellant            :   No. 1247 EDA 2022

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-SA-0000055-2022

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED DECEMBER 6, 2022**

Jessica L. Vogel appeals, *pro se*, from the judgment of sentence, entered in the Court of Common Pleas of Bucks County, after she was convicted, *in absentia*, of driving while her operating privileges were suspended or revoked.[1]  Because Vogel has waived all claims on appeal, we affirm.

On January 4, 2022, Vogel was found guilty, *in absentia*, in Magisterial District Court, after she failed to appear for her summary trial.  She timely appealed to the Court of Common Pleas and, once again, failed to appear for her *de novo* hearing.  Accordingly, the court dismissed her appeal and entered the judgment imposed by the magisterial court.  **See** Trial Court Order, 4/1/22.

_____

[1] 75 Pa.C.S.A. § 1543(a).

Vogel filed a notice of appeal on May 4, 2022. Pursuant to Pa.R.A.P. 903(a), Vogel was required to file her notice of appeal within 30 days—on or before May 2, 2022[2]—for it to be considered timely. However, the trial court's April 1, 2022 order failed to provide Vogel with notice of her appellate rights. *See* Pa.R.Crim.P. 907(4) (directing that court advise defendant of right to appeal and time limits within which to file appeal). This Court has concluded that a breakdown in the operations of the court occurs when the trial court fails to properly advise a defendant regarding her appellate rights. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [the appellant] of [her] post-sentence and appellate rights or misadvised [her]."). Therefore, we will consider the court's failure to advise Vogel that her appeal must be filed within 30 days as a breakdown in the court's operations that excuses the untimeliness of her appeal.

Nevertheless, Vogel is not entitled to review of the merits of her appeal. On June 30, 2022, the trial court issued an order, mailed to Vogel at her home

---

[2] The thirtieth day following the entry of the trial court's order fell on a Sunday. Accordingly, Vogel had until Monday—the next business day—to file her notice of appeal. *See* 1 Pa.C.S.A. § 1908 (in computation of time under any statute, "[w]henever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation").

address and containing all required information,[3] directing her to file a Rule 1925(b) concise statement of errors complained of on appeal. She failed to do so. "[F]ailure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised."[4] **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis and citation omitted). In addition, when an appellant proceeds *pro se*, we recognize no remedy or exception for her failure to timely file a Rule 1925(b) statement. **See Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017); **see also Elliot-Greenleaf, P.C. v. Rothstein**, 255 A.3d 539, 542 (Pa. Super. 2021) (although we are "willing to liberally construe" an appellant's *pro se* filings, an "appellant is not entitled to

---

[3] As required by Pa.R.A.P. 1925(b), the order specified: (1) the number of days after the date of the court's order within which the appellant must file and serve the statement; (2) that the statement shall be filed of record; (3) that the statement shall be served upon the judge; and (4) that any issue not included in the statement shall be deemed waived. **See** Pa.R.A.P. 1925(b).

[4] Even if we did not find Vogel's appellate claims waived for failure to file a Rule 1925(b) statement, we would find them waived as a result of her failure to comply with the Rules of Appellate Procedure. Specifically, Vogel's brief does not contain: (1) a statement of jurisdiction; (2) a statement of the order or other determination in question; (3) a statement of the scope and standard of review; (4) a statement of the questions involved; (5) a statement of the case; or (6) a summary of the argument. **See** Pa.R.A.P. 2111. Moreover, the brief contains no citation to authority, and Vogel fails to develop any legal argument whatsoever. **See** Pa.R.A.P. 2119. Accordingly, Vogel has waived all appellate issues. **See Commonwealth v. Clayton**, 816 A.2d 217 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."); **see also Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014) ("Under Pennsylvania law, *pro se* [litigants] are subject to the same rules of procedure as are represented defendants.").

any particular advantage because he lacks legal training") (citation and brackets omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2022