J-S24001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| D.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.H. | : | No. 288 MDA 2023 |

Appeal from the Order Entered January 25, 2023
In the Court of Common Pleas of Mifflin County Civil Division at No(s):
CP-44-CV-1174-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED SEPTEMBER 5, 2023**

Appellant, D.M. ("Father"), appeals *pro se* from the trial court's January 25, 2023 order, which, *inter alia*, denied his petitions for civil contempt and modification of a custody order.  Due to briefing deficiencies, we quash his appeal.

We need not delve into the procedural and factual background of this case, as it is not pertinent to our disposition.  Instead, we only note that the trial court entered an order on January 25, 2023, which denied Father's petitions for civil contempt and modification of custody.  On February 21,

_____

[*] Former Justice specially assigned to the Superior Court.

2023, Father filed a timely, *pro se* appeal.[1]  Presently, Father raises eight

questions for our review:

> 1. Were the children's wants, needs, and best interests put as top priority by the trial court?
>
> 2. Did the trial court ignore the evidence presented by [Father] showing the children's educational needs (grades and attendance) suffering since being put in appellee's custody?
>
> 3. Did the trial court ignore the evidence presented by [Father] showing a better living area, children's hospital, schools, and support system for the children?
>
> 4. Did the trial court ignore … one of the children in question … when she informed the court that the children were being mentally and emotionally abused at appellee's residence?
>
> 5. Did the trial court choose to continue to allow children to reside with appellee, while knowing that there is drug activity in the home?
>
> 6. Did appellee willfully break law 23 Pa.C.S.[] § 5337 twice in August of 2022?

---

[1] Father did not concurrently file a concise statement of errors complained of on appeal with his notice of appeal in accordance with Pa.R.A.P. 1925(a)(2)(i). ***See*** Pa.R.A.P. 1925(a)(2)(i) ("In a children's fast track appeal … [t]he concise statement of errors complained of on appeal shall be filed and served with the notice of appeal.").  On February 23, 2023, the trial court issued an order directing Father to file a concise statement within 21 days of the date of its order.  ***See*** Pa.R.A.P. 1925(b) Order, 2/23/23, at 1 (single page; unpaginated).  It instructed that "[t]his Statement shall be filed on record. This Statement shall be served on the Judge pursuant to Pa.R.A.P. 1925(b)(1). Any issue not properly included in the Statement timely filed and served pursuant to [Rule] 1925(b) shall be deemed waived." ***Id.***

Father did not file his concise statement within 21 days of the trial court's order, *i.e.*, on or before March 16, 2023.  Instead, he filed his concise statement on March 17, 2023.  The trial court issued its Rule 1925(a) opinion on March 23, 2023.  While Father's non-compliance is troubling, due to the disposition we reach *infra*, we need not address whether Father waived his issues as a result of his untimely filing.

7. Did appellee suffer any consequences by the trial court for these actions?

8. Did the trial court ignore evidence presented by [Father] showing appellee's past and continued acts of parental alienation?

Father's Brief at 2-3 (emphasis omitted).

Upon review, Father's appellate brief has substantial defects and does not permit meaningful appellate review. Problematically, though he raises eight questions for us to review, the argument section of his brief is barely a page long. *See* Appellant's Brief at 9-10. His argument contains no citations to legal authority or the record. Instead, Appellant lists — in a conclusory fashion and with no elaboration — ways in which the trial court purportedly erred. *Id.*

Pennsylvania Rule of Appellate Procedure 2101 states:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Further, Rule 2119(a) mandates that:

The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-- in distinctive type or in type distinctively displayed--the particular point treated therein, *followed by such discussion and citation of authorities as are deemed pertinent.*

Pa.R.A.P. 2119(a) (emphasis added).

This Court has previously explained:

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Furthermore, when issues are not properly raised and developed in briefs, when the briefs are wholly

inadequate to present specific issues for review, a Court will not consider the merits thereof.

While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. … [A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing. We simply decline to become [the a]ppellant's counsel.

***Elliott-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (cleaned up). ***See also C.H.L. v. W.D.L.***, 214 A.3d 1271, 1277-78 (Pa. Super. 2019) ("We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument…. When an allegation is unsupported by any citation to the record, such that this Court is prevented from assessing the issue and determining whether error exists, the allegation is waived for purposes of appeal.") (cleaned up).

We decline to become Father's counsel. His failure to cite to any legal authority or record evidence to support his claims impede meaningful appellate review. Due to these serious briefing deficiencies, we quash his appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/05/2023

- 4 -