J-S12032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARVIN SAMUELS, DECEASED | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: SHARON M. PAIGE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2491 EDA 2023 |

Appeal from the Order Entered June 27, 2023
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): 667DE of 2014

BEFORE:   DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 21, 2024**

Sharon M. Paige (Appellant) appeals *pro se* from the order granting summary judgment in favor of Appellee, Francesco Papaleo (Papaleo), and dismissing her action with prejudice.  We affirm.

Appellant is the executor of the Estate of Marvin Samuels (Decedent). In a prior appeal at No. 393 EDA 2021, this Court vacated the judgment entered in favor of Papaleo in the Civil Division of the Philadelphia Court of Common Pleas.  **Paige v. Papaleo**, 272 A.3d 505 (Pa. Super. filed Jan. 28, 2022) (unpublished memorandum).  The disposition was based on our finding that "the Orphans' Court Division ha[d] exclusive and mandatory jurisdiction," and "the Civil Trial Division should have transferred the instant case" to orphans' court.  **Id.** at 5 (citations omitted).  Consequently, we remanded the case with instructions.

Like this appeal, Appellant's prior appeal concerned her claim of Papaleo's "purported refusal to return Decedent's personal property to Appellant." *Id.* at 1. Decedent died on May 7, 2014. *Id.* Appellant became "the duly appointed Executor of the Estate in January 2016." *Id.* On April 19, 2019, Appellant filed a complaint "in the Philadelphia Court of Common Pleas — Trial Division[,] in which she claimed damages in excess of $50,000, alleging missing personal property belonging to Decedent." Orphans' Court Opinion (OCO), 10/5/23, at 2.

The orphans' court summarizes the procedural history following this Court's remand:

On March 22, 2022, the transfer was accepted into the Orphans' Court Division…. On May 11, 2022, following a conference with the parties, a discovery schedule was issued, and was then extended on October 20, 2022[,] upon [Papaleo's] request. [The orphans' court subsequently] cautioned … Appellant that this matter would likely be dismissed for lack of evidence proving the value of the alleged missing items of the Decedent.

On November 13, 2022, [Papaleo] filed a Motion for Summary Judgment (hereinafter referred to as the "Motion"), and on December 13, 2022[,] Appellant filed a Response with New Matter. [Papaleo] argue[d] he [wa]s entitled to summary judgment because … Appellant cannot provide the [c]ourt with the identity and valuation of personal property, which she alleges [Papaleo] removed from the [residence] which he and Decedent shared. Additionally, [Papaleo] alleges that Appellant is unable to prove an ownership interest of this personal property. [Papaleo] argued that establishing these elements is essential to Appellant's claim, and without such proof, there is no genuine issue of material fact.

On June 27, 2023, … this [c]ourt issued a Decree which granted [Papaleo's] Motion and dismissed Appellant's action with prejudice. On July 12, 2023, Appellant filed a Motion for Reconsideration of the [c]ourt's order dismissing her cause with

[p]rejudice. On July 25, 2023, Appellant filed her appeal to the Superior Court. On August 9, 2023, the [c]ourt issued a Decree denying her Motion for Reconsideration with Prejudice[,] and issued a [Pa.R.A.P.] 1925(b) Order. Appellant filed her Statement of Matters on August 29, 2023.

OCO at 3-4 (footnotes omitted).

Appellant presents the following questions for review:

I. WAS APPELLANT PREJUDICED DURING DISCOVERY WHERE [PAPALEO] FAILED TO PARTICIPATE IN DISCOVERY IN GOOD FAITH?

II. WAS SUMMARY JUDGMENT GRANTED IN ERROR?

III. WAS APPELLANT PREJUDICED BY THE COURT?

Appellant's Brief at 2.

We recognize that the entry of summary judgment "may be disturbed by an appellate court only if the court committed an error of law; thus, our standard of review is *de novo*, and our scope of review is plenary." ***In re Tr. B Under Agreement of Richard H. Wells Dated Sept. 28, 1956***, --- A.3d ----, No. 5 WAP 2023, 2024 WL 1201265, at *7 (Pa. Mar. 21, 2024) (citation omitted). Summary judgment is appropriate "where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** (citation omitted). "Furthermore, in resolving a question of law, we review the issue in the context of the entire record." ***In re Est. of Caruso***, 176 A.3d 346, 349 (Pa. Super. 2017) (citing ***Weaver v. Lancaster Newspapers, Inc.***, 926 A.2d 899, 903 (Pa. 2007)).

Appellant argues she was not "given a full and fair opportunity" to oppose Papaleo's motion for summary judgment.[1] Appellant's Brief at 60. However, Appellant fails to present a meaningful legal argument. *See id.* at 38-67. In her lengthy discourse, Appellant continues to claim that Papaleo misappropriated the Decedent's personal property, but she does not explain how the orphans' court committed legal error in granting summary judgment. For example, Appellant appears to fault Papaleo for the lack of a genuine issue of material fact. *See id.* at 38-44. According to Appellant, Papaleo refused to respond to discovery requests and was evasive and vague when he did respond. *Id.* at 39. Appellant states she was "unfairly disadvantaged" by Appellant's delay. *Id.* at 42. She also devotes a significant portion of her argument to recounting the various ways in which Papaleo mistreated the Decedent. *Id.* at 45-57.

The orphans' court suggests that Appellant's issues are waived. OCO at 4-5. The orphans' court states that it "attempt[ed] to respond to [the] issues" Appellant raised in her concise statement, but "the issues raised seem to be complaints lodged against [Papaleo], at least in part, which makes it difficult, if not impossible, for the [o]rphans' [c]ourt to give a meaningful response." *Id.* at 4. The court adds that "all of the issues raised are neither concise nor related to … the appropriateness of the grant of summary judgment." *Id.* at 5. The orphans' court concludes:

_____

[1] Papaleo has not filed an appellate brief.

- 4 -

In finding that Appellant failed to ascertain the necessary specific information concerning the personal property and effects that she believes [Papaleo] unlawfully took from Decedent's estate, the [o]rphans' [c]ourt followed accepted legal principles well-established within the Commonwealth in granting [Papaleo's] Motion for Summary Judgment.

It should be noted that at one time Appellant was represented by counsel[,] but has long since chosen to represent the estate that she administers herself.  It is unfortunate that she has exhibited such little knowledge of our discovery practice and rules of evidence, and that whenever she has been confronted by manifest difficulties in proving her case, she chose to blame either [Papaleo] or the [c]ourt.

[Appellant] wasted [her] good fortune [when another presiding judge] told her where her case was headed[, as she was] not ascertaining the appropriate legal strategies to document, if possible, the missing property.  However, **as the record stands before the [orphans' c]ourt, the identity, nature, and value of the alleged personal property remains unproven, solely due to the failure of ... Appellant**.

*Id.* at 9 (emphasis added).

The orphans' court is correct.  Although this Court will "liberally construe materials filed by a *pro se* litigant, [an] appellant is not entitled to any particular advantage because [s]he lacks legal training."  ***Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted). An individual who chooses to represent herself in a legal proceeding "must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing."  ***See, e.g.***, ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).  We have explained:

When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with

citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted).

Appellant has failed to develop a cogent legal argument regarding the orphans' court's grant of summary judgment. Therefore, we are constrained to find waiver. *See* Pa.R.A.P. 2119; *Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review.") (citation omitted); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

Even if we were to address Appellant's issues, we would discern no error. In its "attempt to respond" to Appellant's issues, OCO at 4, the orphans' court explains that Papaleo's motion for summary judgment "was procedurally sound," and "there is no procedural issue to be heard on [a]ppeal." *Id.* at 8.

With respect to discovery, the orphans' court observes:

This issue is the beginning of a common thread that is weaved throughout this entire [a]ppeal, which is that none of [Appellant's argument is] … in any way relevant to the issues upon which the Motion for Summary Judgment was decided, being Appellant's failure to provide the [c]ourt with an inkling of proof that she is

- 6 -

able to identify and value any pieces of property that she believes she is entitled to in her claim.

*Id.* at 6.

The orphans' court also addresses Appellant's claim of prejudice. The court explains:

Instead of providing which of the [c]ourt's actions aggrieved Appellant, she accuses this [c]ourt of dismissing her action without being given "full and fair opportunity to supplement the record and to oppose the motion" pursuant to P[a].R.C[iv].P. 1035.3 (Response. Judgment for Failure to Respond).

Unfortunately, this could not be further from the truth, as Appellant was given ample opportunity to respond, and even up until this time, has not addressed the issue which has caused her to suffer judgment against her, that being Appellant's inability/unwillingness to identify the property that she claims was taken by [Papaleo].

*Id.* at 8. The court further states that "Appellant asks the [c]ourt to presume [Papaleo] must have, by some nefarious and illegal means, broken into the real estate, [and] unlawfully removed the unspecified items of personal property, while ignoring the claims that the real and personal property were owned at least as joint tenants with [Papaleo]." *Id.* at 9. The court concludes Appellant "ignored … her obligation to shoulder the burden of proof of these allegations. Nowhere in her response to the Motion for Summary Judgment, or for that matter anywhere else, does Appellant provide … information or documentation which identifies and/or values the property she claims was taken." *Id.*

Accordingly, in the absence of waiver, we would conclude that the record supports the orphans' court's entry of summary judgment. Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2024