J-S44014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| K.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.W. AND A.S. | : | |
| | : | |
| | : | No. 1932 EDA 2025 |
| APPEAL OF: A.S. | : | |
| | : | |

Appeal from the Order Entered June 24, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2024-60749

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED FEBRUARY 17, 2026**

A.S. (Mother) appeals from the order, entered in the Court of Common Pleas of Bucks County, determining physical and legal custody over R.W. (Child) (DOB 7/23), including granting J.W. (Father) sole legal custody only for the purpose of changing Child's name.  After review, we quash the appeal.

Mother and Father were living together and sharing custody of Child until Mother filed for protection from abuse (PFA) against Father in April of 2024.  K.W. (Grandmother) also filed for protection from abuse against Mother in April of 2024.  Grandmother then filed a petition for custody and an emergency petition for special relief in custody on April 30, 2024, requesting an *ex parte* order granting her custody of Child.  On July 12, 2024, Mother filed an emergency petition to modify custody.  The trial court held a hearing on the emergency motion on July 18, 2024 and scheduled a consolidated

hearing on Grandmother's petition for custody, Grandmother's PFA petition, and Mother's PFA petition for November 26, 2024. After hearings on November 26, 2024, February 6, 2025, and June 9, 2025, the trial court issued an order which, *inter alia*, granted sole legal and physical custody of Child to Grandmother, granted Mother supervised physical custody of Child conditioned upon her sobriety, granted Father supervised partial physical custody of Child conditioned upon his sobriety and ability to obtain a driver's license, and granted Father sole legal custody to complete and submit any and all documentation necessary to change Child's name.

Mother timely appealed, and Mother and the trial court have complied with Pa.R.A.P. 1925. Mother raises the following issues for our review:

1. Did the trial court abuse its discretion and err as a matter of law by failing to disclose ties to [Father's] family, creating an appearance of bias under Rule of Judicial Conduct 2.11(a) and tainting all rulings?

2. Did the trial court abuse its discretion and violate Kayden's Law (23 Pa.C.S.[A.] § 5323.1) by denying Mother's PFA petition and allowing unsupervised visitation for Father despite his abuse history and pending charges?

3. Did the trial court err as a matter of law by retaining venue in Bucks County, where neither party nor [C]hild resided, in violation of Pa.R.C.P. 1915.2(a) and 23 Pa.C.S.[A.] § 5422?

4. Did the trial court err in granting standing to the paternal Grandmother and awarding her custody, given her fabricated claims founded by the court and alienation tactics, in violation of 23 Pa.C.S.[A.] §§ 5324, 5327(b), and 5328?

5. Did the trial court abuse its discretion by improperly admitting irrelevant evidence to shame [Mother] and denying due process?

6. Did the trial court abuse its discretion by granting Father's petition to change [Child]'s surname absent competent evidence that it served [C]hild's best interests?

Mother's Brief, at 7-8 (some parentheticals and unnecessary capitalization omitted).

All of Mother's issues are waived due to Mother's failure to raise them with the trial court. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Mother did not raise the aforementioned issues by pre-trial motion, contemporaneous objection, or in a post-sentence motion and, therefore, the issues are waived.[1] Accordingly, we quash the appeal.

_____

[1] Furthermore, Mother has violated several other Rules of Appellate Procedure. **See Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) ("this Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure."). Mother: (1) failed to appeal from the appropriate docket at which the trial court entered its denial of Mother's protection from abuse petition, **see** Pa.R.A.P. 902(a); (2) failed to include sufficient discussion and citation of authorities in her argument sections, **see id.** at 2119(a); (3) failed to timely file her appellate brief, **see id.** at 2185; and (4) included myriad citations to exhibits she appended to her brief, which were not introduced into evidence at trial and are not part of the certified record. Additionally, we are unable to find many of the cases Mother cites to in her brief, and several cited cases do not stand for the propositions she cites them for.

We recognize Mother is pro se. While this Court is "willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." **Lyons**, 833 A.2d at 251–52. A person who represents herself in legal proceedings, "must, to some reasonable extent, assume the risk that h[er] lack of expertise and legal training will prove h[er] undoing." **Elliot-Greenleaf, P.C., v. Rothstein**, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted).

Appeal quashed.[2]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/17/2026

_____

[2] Our disposition renders Grandmother's application to dismiss moot and we dismiss it as such.