J-S11042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK A. DAVIS | : | |
| | : | |
| Appellant | : | No. 957 WDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered May 24, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0000884-2023

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED:  April 23, 2026**

Mark A. Davis appeals *pro se* from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, adjudicating him guilty of one count of driving without a license[1] and ordering him to pay a $200.00 fine plus costs.  For the reasons that follow, we quash the appeal.

On April 27, 2023, Scott Township patrol officer Joseph Lyons cited Davis for driving without a license, turning without signaling, and unlawful activities—driving without required equipment.  On June 26, 2023, after a summary trial, the Magisterial District Court found Davis guilty of all three offenses.  On July 26, 2023, Davis appealed seeking a trial *de novo* in the Court of Common Pleas of Allegheny County.

_____

[1] 75 Pa.C.S.A. § 1501(a).

On May 24, 2024, Davis pled guilty to driving without a license,[2] and the trial court ordered him to pay a fine of $200.00 plus costs, which totaled $350.75. Davis failed to timely appeal from the trial court's summary sentence. *See* Pa.R.A.P. 903(a) (providing 30 days for appeal after entry of order from which appeal is taken). On July 31, 2024, Davis filed a petition to file an appeal *nunc pro tunc*. The trial court granted the petition on August 1, 2024, and Davis filed his notice of *pro se* appeal, *nunc pro tunc*, on August 23, 2024.[3, 4]

Due to the deficiencies in Davis' brief, we are unable to discern what issues he attempts to raise or what arguments he attempts to make on appeal. When an appellate brief contains substantial defects which impede our ability to conduct meaningful appellate review, we may quash the appeal. *See* Pa.R.A.P. 2101. The Pennsylvania Rules of Appellate Procedure require an appellant's brief contain, *inter alia*, a statement of jurisdiction, statement of

---

[2] The Commonwealth withdrew the charges for turning without signaling and unlawful activities.

[3] We note the unexplained, substantial delay between the filing of Davis' notice of appeal on August 23, 2024 and the transmittal of that notice to this Court on August 6, 2025. Regardless, this delay is irrelevant to our ultimate disposition.

[4] While the trial court averred in its order in lieu of a Pa.R.A.P. 1925(a) opinion that Davis failed to comply with a Rule 1925(b) order to file a concise statement of errors complained of on appeal, the certified record transmitted to this court contains no such order, and the trial court docket does not indicate that such an order was filed. Accordingly, the fact that Davis did not file a Rule 1925(b) statement does not result in waiver here.

the questions involved, statement of the case, summary of argument, citation ofTh authorities, and a short conclusion stating the precise relief sought. Pa.R.A.P. 2111(a), 2119(a).

Davis' brief, at most, contains only a paltry factual summary; there is no statement of questions involved, no legal argument made, no citation to relevant case law or the record, and no relief requested. Although "this court is willing to liberally construe materials filed by a *pro se* litigant," even a liberal construction of Davis' brief cannot remedy its serious inadequacies. ***Elliot-Greenleaf, P.C., v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted) (quashing appeal where appellant's brief "fail[ed] to conform to the basic requirements of appellate advocacy" and was "devoid of any coherent argument or relevant controlling case law applied and analyzed under the facts of [the] case"). Accordingly, we quash the appeal due to our inability to conduct meaningful appellate review. ***See Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) ("As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.").

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  4/23/2026