J-S15040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PINGORA LOAN SERVICING, LLC, AND FREEDOM MORTGAGE CORPORATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KENNETH R. BROWN | : | |
| | : | No. 3017 EDA 2025 |
| Appellant | : | |

Appeal from the Order Entered October 23, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  191001737

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 26, 2026**

Appellant, Kenneth R. Brown, appeals *pro se* from the order entered October 23, 2025, in the Court of Common Pleas of Philadelphia County denying his motion for reconsideration. As Appellant's brief includes substantial defects that preclude meaningful Appellate review, we dismiss this appeal.

The trial court set forth the relevant factual and procedural history as follows:

> The [trial] court presided over a non-jury trial on March 5, 2025, in the above-captioned *in rem* mortgage foreclosure action. On July 9, 2025, following supplemental briefing by the parties, the court found in favor of Plaintiff Freedom Mortgage Corporation against Defendant Kenneth R. Brown. Contemporaneously, the [trial] court issued a Decision and Order setting forth its factual findings and legal analysis. []

---

[*] Former Justice specially assigned to the Superior Court.

On July 24, 2025, Mr. Brown's attorney, Paul Midzak, Esq., filed a motion to withdraw as counsel. The next day, Mr. Brown filed a *pro se* motion for reconsideration even though Attorney Midzak had not yet been granted leave to withdraw as counsel. The [trial] court deemed Mr. Brown's motion for reconsideration to be a *nunc pro tunc* post-trial motion, and entered a briefing schedule which required Mr. Brown to order the notes of testimony from the trial and file a brief in support of his post-trial motion by no later than September 11, 2025. Mr. Brown complied with the briefing schedule.

Mr. Brown's motion raised three alleged errors, and his brief raised six issues. Some of the issues overlapped, while others have been previously addressed in the Decision and Order of July 9, 2025. Freedom Mortgage Corporation filed a response in opposition to Mr. Brown's motion for reconsideration but did not file a response to Mr. Brown's brief.

On October 22, [2025], the [trial] court heard oral argument on the issues raised by Mr. Brown. The following day, October 23, [2025] the court denied Mr. Brown's motion for reconsideration and entered judgment *in rem* in favor of Freedom Mortgage Corporation. Mr. Brown filed the instant appeal on November 21, 2025.

Trial Court Opinion dated 12/8/2025 at 1-2.

Appellant's brief presents three questions for this court's consideration, however, due to substantial defects in his brief, none are reviewable.

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, "[A]ppellant is not entitled to any particular advantage because [he] lacks legal training." ***Elliot-Greenleaf, P.C. v. Rothstein***, 2021 PA Super 112, 255 A.3d 539, 542 (Pa.Super. 2021). Indeed, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove

his undoing." ***Id.*** (cleaned up). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 2003 PA Super 185, 824 A.2d 305, 319 (Pa.Super. 2003) (citations omitted); ***see also*** Pa.R.A.P. 2119 (setting forth requirements for the argument portion of appellate briefs). "[W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely." ***Commonwealth v. Hardy***, 918 A.2d 766 (Pa. Super. 2007)(*citing* Pa. R.A.P. 2101).

Here, the argument section of Appellant's brief is one paragraph, spanning less than one page, and does not do more than spot potential issues and make allusions to caselaw and rules of evidence which are never meaningfully discussed and which often are presented without complete citation. For example, Appellant states:

> "II. Plaintiff failed to show standing at filing – discussion of law and application to facts with specific reference to P-1, P-1A, P-3 and the Beilby transcript citations and legal authorities (Carpenter v. Longan; Bayview; Pennsylvania Standing precedent). III. Business records admission error – explain Pa.R.E. 803(6), Bayview standards, and why the Beilby testimony (copies only; no firsthand custody) failed to establish reliability and chain of custody."

Appellant's brief at 8.

Thus, in order to review Appellant's questions presented, this Court would first need to develop an argument for him from. This we will not do. ***Commonwealth v. Montalvo-Rivera***, 2025 PA Super 139, 341 A.3d 159,

173 (Pa. Super 2025) (observing, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant") (citations omitted).

As such, this Court is constrained to dismiss the appeal in its entirety.

Appeal dismissed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/26/2026