J-A15032-25

2025 PA Super 155

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANDREW P. NEAFIE :
:
Appellant : No. 1326 MDA 2024

Appeal from the Judgment of Sentence Entered April 4, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001506-2023

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: FILED: JULY 22, 2025

Appellant Andrew P. Neafie appeals the judgment of sentence entered by the Honorable Michael T. Vough of the Court of Common Pleas of Luzerne County after Appellant pled guilty to charges related to his dissemination and possession of child pornography. Appellant claims the trial court imposed an excessive sentence and asserts that he was improperly determined to be a Sexually Violent Predator. After careful review, we affirm.

Appellant was arrested after officers discovered that he had possession of 1,000 images and videos of child pornography on his computer and had disseminated images of child sexual abuse over the internet. In August 2023, Appellant was charged with eight counts of Dissemination of Photography of Child Sex Acts (18 Pa.C.S.A. § 6312(c)), one count of Possession of Child

---

[*] Former Justice specially assigned to the Superior Court.

Pornography (18 Pa.C.S.A. § 6312(d)), and two counts of Criminal Use of a Communication Facility (18 Pa.C.S.A. § 7512(c)).[1]

On November 20, 2023, Appellant pled guilty to one count each of Dissemination of Photography of Child Sex Acts and Possession of Child Pornography. The Commonwealth agreed to withdraw the remaining charges but included a written notation on the plea agreement that it intended to seek a sentencing enhancement pursuant to 204 Pa.Code § 303.10(e), given that Appellant had been found in possession of over 1,000 images/videos of child pornography.[2] The plea agreement also contained an addendum indicating

_____

[1] In 2024, the Legislature amended Section 6312 to replace references to the term "child pornography" with references to the term "child sexual abuse material." Act No. 2024-125, S.B. No. 1213.

[2] Section 303.10 of the Sentencing Guidelines sets forth the following Sexual Abuse of Children Enhancement, as required by 42 Pa.C.S.A. § 9720.25:

> (1) When the court determines that the offender violated 18 Pa.C.S. § 6312 (relating to sexual abuse of children) and that the offender possessed more than 50 images, the court shall consider the sentence recommendations described in subsection (e)(4). For purposes of this enhancement, the number of images is defined as follows:
>
> > (i) Each photograph, picture, computer generated image, or any similar visual depiction shall be considered to be one image.
> >
> > (ii) Each video, video-clip, movie, or similar visual depiction shall be considered to have 50 images.

204 Pa.Code § 303.10(e)(1). The sentencing enhancement specifically provides that "[w]hen applying enhancement based on the number of images possessed by the offender [], if the offender possessed more than 500 images [of child pornography], 18 months are added to the lower limit of the standard range and 18 months are added to the upper limit of the standard range." 204 Pa.Code § 303.10(e)(4)(i).

that Appellant agreed that his sentencing would be delayed to allow for his evaluation by the Sexual Offender Assessment Board (SOAB).

On April 4, 2024, the trial court held Appellant's sentencing hearing during which it acknowledged it had considered Appellant's presentence investigation report and letters submitted on Appellant's behalf. In evaluating the sentencing guidelines, the trial court indicated that it would "apply the sentencing enhancement agreed upon by the defense at the time of the guilty plea." Notes of Testimony (N.T.), 4/4/24, at 5. The trial court indicated that while the standard range sentence for a violation of Section 6312(c) would be three to twelve months' imprisonment, the sentencing enhancement would increase the standard range to twenty-one to thirty months' imprisonment. Both the Commonwealth and defense counsel agreed with this assessment.

When Appellant was given the opportunity to speak on his own behalf, he indicated that he did not realize that the child pornography was on his computer. The trial court was skeptical of Appellant's assertion that he must have mistakenly downloaded over one thousand images and videos of child pornography. N.T. at 4. Given Appellant's possession of child sexual abuse materials, the trial court emphasized it was "alarming" that that Appellant had served as a gymnastics coach for teenage and adolescent children. N.T. at 5.

Thereafter, the trial court sentenced Appellant to thirty (30) to eighty-four (84) months' imprisonment for his conviction of Dissemination of Photography of Child Sex Acts and one Count of Possession of Child Pornography. The trial court indicated that it felt it necessary to impose an

aggravated range sentence to impose punishment upon Appellant and to protect the community. Appellant filed a timely post sentence motion, which the trial court denied on August 9, 2024. Appellant filed a notice of appeal on Monday, September 9, 2024.[3]

In his appellate brief, Appellant sets forth the following issues for review in his Statement of Questions Involved:

1. Did the Lower Court commit an error of law in its sentences because they were based on insufficient evidence?

2. Did the Lower Court err and abuse its discretion in its imposition of an unreasonable and excessive sentence?

3. Did the Lower Court err and abuse its discretion by failing to consider or give appropriate weight to the circumstances of the offense, the Appellant's background, mitigating circumstances, and/or refusing to reduce the sentence of thirty (30) to eighty-four (84) months' in a State Correctional Facility to be followed by eighty-four (84) months consecutive probation and in finding the Appellant to be a Sexually Violent Predator?

Appellant's Brief, at 4-5.

As an initial matter, we must note that Appellant's brief fails to comply with our rules of appellate procedure. The argument section of Appellant's brief is not divided into sections to address his individual arguments but presents one disorganized presentation of allegations with scant references to pertinent legal authority. Our rules of appellate procedure require that the argument section of a party's brief "shall be divided into as many parts as

---

[3] This appeal was timely filed on Monday, September 9, 2024. *See* 1 Pa.C.S.A. § 1908 (whenever the last day of any … period shall fall on a Saturday or Sunday, or on any day made a legal holiday…, such day shall be omitted from the computation).

there are questions to be argued," with distinctively displayed headings "followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Further, "[t]he Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Elliot-Greenleaf, P.C. v. Rothstein**, 255 A.3d 539, 542 (Pa.Super. 2021) (quoting **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa.Super. 2003); Pa.R.A.P. 2119 (setting forth requirements for the argument portion of appellate briefs)). Nevertheless, these defects in Appellant's brief do not prevent this Court from providing meaningful review.

We surmise that Appellant's brief raises two issues for our review. First, Appellant argues that the trial court abused its discretion in imposing a sentence that exceeded the standard range set forth in the sentencing guidelines. Second, Appellant alleges that the trial court improperly determined that he was a Sexually Violent Predator.

Our standard of review of a challenge to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Reid*, 323 A.3d 26, 30–31 (Pa.Super. 2024) (quoting

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (citation

omitted)).

In reviewing a challenge to the trial court's sentencing discretion, we

are mindful that:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018)

(quotation marks, some citations, and emphasis omitted).

Appellant filed a timely post-sentence motion and notice of appeal.

Although Appellant has included a statement of reasons for allowance of

appeal from discretionary aspects of sentence pursuant to Pa.R.A.P. 2119(f)

in his appellate brief, the Commonwealth argues that Appellant's Rule 2119(f)

statement is deficient as it does not attempt to demonstrate the existence of

a substantial question.

Rule 2119(f) requires the appellant to "set forth in his brief a concise

statement of the reasons relied upon for allowance of appeal with respect to

the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). "[T]o establish a

substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Bonner***, 135 A.3d 592, 603 (Pa.Super. 2016) (citations omitted). This Court has recognized that "[w]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa.Super. 2018).

Consequently, "bald assertions of sentencing errors" are insufficient to establish a substantial question for review; rather, an appellant "[m]ust support his assertions by articulating the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa.Super. 2006) (citing ***Commonwealth v. Mouzon****,* 571 Pa. 419, 812 A.2d 617, 626, 627 (2002)). This Court has held that a Rule 2119(f) statement is inadequate if it merely "contains incantations of statutory provisions and pronouncements of conclusions of law." ***Commonwealth v. Goggins****,* 748 A.2d 721, 727 (Pa.Super. 2000) (*en banc*)). "[W]here a defendant merely asserts that his sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing scheme without explaining how or why, [this Court] cannot determine whether he has raised a substantial question." ***Id.***

In reviewing Appellant's appellate brief, we note that his Rule 2119(f) statement cites to the four-part analysis that this Court employs to determine whether to reach the merits of a challenge to the discretionary aspects of sentence. *See Manivannan*, *supra*. Beyond that reference, Appellant's 2119(f) statement merely offers an unsupported assertion that "as set forth below, there is a substantial question that the sentence appealed form is not appropriate under the Sentencing Code." Appellant's Brief, at 7-8.

We agree that Appellant's Rule 2119(f) statement is deficient as it fails to articulate any actual reason for which he is seeking to appeal the discretionary aspects of his sentence. Appellant's Rule 2119(f) statement does not specify where his sentence falls in relation to the sentencing guidelines nor identify a violation of a specific provision of the Sentencing Code and/or a fundamental norm. Further, Appellant does not explain how and why the sentencing court violated any particular provision and/or norm.

Accordingly, as Appellant has failed to comply with the requirements of Rule 2119(f), his sentencing challenge is waived. *See Commonwealth v. Perzel*, 291 A.3d 38, 49–50 (Pa.Super. 2023) (quoting *Commonwealth v. Tuladziecki*[, 513 Pa. 508, 513, 522 A.2d at 17, 19 (1987) (other citations omitted)) (finding when the Commonwealth raises an objection to Appellant's failure to provide a Rule 2119(f) statement, "this Court is precluded from reviewing the merits of the claim and the appeal must be denied"). Accordingly, we decline to reach the merits of Appellant's challenge to the discretionary aspects of his sentence.

Appellant also alleges that the trial court erred in classifying Appellant as a Sexually Violent Predator (SVP). However, we are unsure why Appellant believes that he was designated an SVP as the trial court indicates that the SOAB completed an SVP assessment and indicated in a March 27, 2024 letter that Appellant does not meet the criteria for classification as an SVP. Trial Court Opinion, 10/18/24, at 2.[4] Therefore, we need not address this contention further.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/22/2025

---

[4] While the certified record does not contain the SOAB's March 27, 2024 letter finding Appellant was not an SVP, we have no reason to doubt the trial court's citation to this assessment.